*E-filed 2/8/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL ALLIED PRINTING TRADES ASSOCIATION; NORTHERN CALIFORNIA ALLIED PRINTING TRADES COUNCIL, an agent of the International Allied Printing Trades Association,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN LITHOGRAPHERS, INC.,<br><br>Defendant. | Case No. C05-02947 HRL<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM VOLUNTARY DISMISSAL** |

### I.  Introduction

International Allied Printing Trades Association and Northern California Allied Printing Trades Council (jointly, "plaintiffs") move this court pursuant to Fed. R. Civ. P. 60(b) for relief from a stipulated voluntary dismissal. Defendant American Lithographers opposes the motion. Based on the papers submitted and the arguments of counsel at the February 7, 2006 hearing, the court issues the following order.

### II.  Background

Several months into this trademark infringement case, defendant extended a settlement offer to plaintiffs by letter to plaintiffs' counsel. The letter stated:

> In the spirit of resolving all outstanding matters between our clients, American Lithographers is willing to withdraw the Unfair Labor Practices Charge it filed with the National Labor Relations Board (designated as Case No. 32-CB-5974-1) with prejudice if you will dismiss with prejudice the Complaint you filed against it in the United States District Court.

1  *See* Rediger Decl. in Support of Defendant's Opp., Ex. 1. Plaintiffs' counsel responded by letter
2  that he would discuss the offer with his clients. *See id.* at Ex. 2. Then, on November 4, 2005,
3  plaintiffs' counsel wrote the following: "This will confirm that I have been authorized, pursuant
4  to your earlier offers, now that the NLRB case has been withdrawn, to stipulate the dismissal of
5  this matter. Please draw up an appropriate Stipulation to Dismiss." *See id.* at Ex. 3.

    On November 10, 2005, through the court's e-filing system, plaintiffs' counsel filed a
"Stipulation of Dismissal of Entire Action with Prejudice Against Defendant American
Lithographers, Inc. Pursuant to Federal Rule of Civil Procedure 41(a)(1)." Counsel also filed a
"Proposed Order for the Dismissal of Entire Action with Prejudice" for the court to execute.
Because plaintiffs' filing under Fed. R. Civ. P. 41(a)(1) operated to dismiss the suit, no further
action was required by the court to effectuate the parties' agreement, and the clerk closed the
file.

    Plaintiffs now move the court for relief from the voluntary dismissal pursuant to Fed. R.
Civ. P. 60(b)(1). They claim that plaintiffs' counsel intended that the matter would be dismissed
*without* prejudice, and his signing and filing of a stipulation stating otherwise was an error
constituting "excusable neglect" within the meaning of the Rule.[1]

**III.    Legal Standard**

    Federal Rule of Civil Procedure 60(b) provides, in part: "On motion and upon such
terms as are just, the court may relieve a party or a party's legal representative from a final
judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
excusable neglect."

    There is no per se rule governing what constitutes "mistake, inadvertence, surprise, or
excusable neglect" and district courts are instructed to take into account all the circumstances
surrounding a party's act or omission. *See Pioneer Investment Services v. Brunswick
Associates*, 507 U.S. 380, 395 (1993) (analyzing the term "excusable neglect" in the context of

---

[1] At the hearing on this motion, plaintiffs' counsel suggested that rather than a "clerical error" as they represented in their moving papers, this was a "miscommunication" or "failure of the 'meeting of the minds.'"

2

Fed. R. Bankr. P. 9006(b)); *see also Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (analyzing the term "excusable neglect" in the context of Fed. R. Civ. P. 4(a)(1)(A)).[2]

## IV. Discussion

The question presented here is whether this court should exercise its discretion under Rule 60(b) and convert the stipulation of dismissal with prejudice to one without.[3]  Plaintiffs insist that its mistake was due to a "miscommunication."  However, the facts of this case suggest otherwise.  Defendant's initial settlement offer letter *and* the stipulation signed by plaintiffs' counsel clearly indicated that the dismissal was "with prejudice."  Defendant represents that this is exactly the result it intended when it made the offer.  If there was any "miscommunication," it was a result of plaintiffs' counsel's carelessness.  Plaintiffs' counsel apparently failed to read not only the stipulation, but also defendant's correspondance.  And, although counsel did not draft the stipulation himself, he [or someone under his supervision] did draft the proposed order filed therewith, and he [or someone under his supervision] explicitly included the term "with prejudice" when titling both documents for the purpose of filing them in the court's e-filing system.  This is not a case of a "typo" or even a missed filing deadline, which the court might readily categorize as "mistake" or "excusable neglect," but rather a pattern of inattentiveness on the part of plaintiffs' counsel.  In *Pincay*, the Ninth Circuit noted that "a

---

[2] Prior to the *Pincay* decision, the Ninth Circuit consistently held that attorney error such as the one in this case was an insufficient grounds for relief under Rule 60(b)(1).  *See, e.g., Allmerica Financial Life Ins. and Annuity v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1998) (upholding the lower court's decision that counsel's failure to plead an affirmative defense did not constitute excusable neglect); *United States of America ex rel. Familian Northwest v. RG & B Contractors*, 21 F.3d 953, 956 (9th Cir. 1994) (upholding the lower court's decision that a company's failure to include some invoices when calculating damages did not constitute excusable neglect even though it resulted in a lesser judgment); *Engleson v. Burlington Northern Railroad*, 972 F.2d 1038, 1043-44 (9th Cir. 1992) (upholding a lower court's decision that counsel's failure to plead the correct jurisdiction statute was not excusable neglect).  The *Pincay* court did not specifically repudiate these holdings.  Rather, it determined that a per se rule is not appropriate when evaluating whether an omission or mistake constitutes "excusable neglect," and held that such a determination should be left to the sound discretion of the district court evaluating the circumstances of each particular case.  *Pincay*, 389 F.3d at 859-60.

[3] There is a threshold issue here that neither party raised in its papers or at the hearing.  Under Rule 60(b), a court may relieve a party from a "final judgment, order, or proceeding."  It is not entirely clear that a voluntary dismissal under Rule 41(a)(1) fits into one of these categories.  There is only thin authority among courts in this district and circuit on this issue. See, e.g., *Noland v. Flohr Metal Fabricators*, 104 F.R.D. 83, 85 (D. Alaska 1984) (holding that despite the lack of court intervention, a voluntary dismissal under Rule 41(a)(1) can be considered a "proceeding" for purposes of Rule 60(b)).  Because in some circumstances leaving intact a voluntary dismissal could produce an unjust result, this court agrees with *Noland* that Rule 60(b) relief may sometimes be appropriate in cases of voluntary dismissal.

3

lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." *Pincay*, 389 F.3d at 859.  Even less compelling is an attorney's failure to read essential documents he himself signs and files.

The court must also consider the potential prejudice that would result from vacating the voluntary dismissal.  Defendant has already dismissed the NLRB claims against plaintiffs, as promised.[4]  If the court altered the dismissal with prejudice as plaintiffs request (an outcome that defendant did not agree to), plaintiffs could renege on their part of the bargain and defendant would have little or no recourse.  Plaintiffs would essentially get to "have their cake and eat it too"—the benefit of the NLRB dismissal *and* the ability to refile the district court claims.   Such an outcome would prejudice defendant.

On the other hand, plaintiffs offer no facts suggesting that they will be harmed if the dismissal with prejudice is left intact.  They acknowledge that defendant has held up its end of the agreement.  And, since plaintiffs express no interest in trying their claims on their merits, they have not been deprived of their opportunity for a trial on the merits as in the *Noland* case they rely on.  *See Noland*, 104 F.R.D. at 87.  Moreover, if defendant in the future should again engage in the same alleged trademark infringement, plaintiffs can simply file new claims based on the new conduct.  Overall, plaintiffs have provided the court with no reason why the dismissal with prejudice will produce an unjust result in this case.

**V.    Conclusion**

This case does not present facts that compel the court to act pursuant to Rule 60(b).  Accordingly, plaintiffs' motion for relief from the voluntary dismissal is denied.

**IT IS SO ORDERED.**

Dated: 2/8/06                                              /s/ Howard R. Lloyd
                                                          HOWARD R. LLOYD
                                                          UNITED STATES MAGISTRATE JUDGE

---

[4] No evidence has been provided to the court verifying whether the dismissal was with or without prejudice. However, the parties represent that the six-month statute of limitations for the NLRB claims will expire this month.

United States District Court
For the Northern District of California


**United States District Court**
For the Northern District of California

This notice will be electronically mailed to:

| | |
|---|---|
| Bruce A. Harland | courtnotices@unioncounsel.net, bharland@unioncounsel.net |
| Andrea Laiacona | courtnotices@unioncounsel.net |
| Robert L. Rediger | rrediger@rmlaw.net |
| William A. Sokol | courtnotices@unioncounsel.net |

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: 2/8/06                                    RNR
                                         Chambers of Magistrate Judge Lloyd